IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | **Civil Action No.** |
| LINCOLN WOOD; NICOLE JENNINGS WADE; JONATHAN D. GRUNBERG; and G. TAYLOR WILSON | ) ) ) ) ) ) | **1:22-CV-03217-LMM** |
| Defendants. | ) ) | |

**DEFENDANT L. LIN WOOD, JR.'S MOTION TO DISMISS
PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant L. Lin Wood, Jr. moves under Fed. R. Civ. P. 12 (b) (2) to dismiss Plaintiff SCOTTSDALE INSURANCE COMPANY's ("SCOTTSDALE") Complaint for Declaratory Judgment for lack of jurisdiction over the person, and under Fed. R. Civ. P. 12 (b) (3) to dismiss for improper venue, and in support thereof states the following:

**INTRODUCTION AND FACTUAL BACKGROUND**

1. Plaintiff SCOTTSDALE INSURANCE COMPANY ("SCOTTSDALE") is an insurance company incorporated under the laws of Ohio, with its principal place of business in Arizona. *See* Complaint at ¶ 1.

~ 1 ~

2. Defendant Wood is a citizen and resident of South Carolina. *See* Exhibit "A" (Affidavit of L. Lin Wood, Jr.).

3. Defendant Nicole Jennings Wade is a citizen and resident of Georgia. *See* Complaint at ¶ 3.

4. Defendant Jonathan D. Grunberg is a citizen and resident of Georgia. *See* Complaint at ¶ 4.

5. Defendant G. Taylor Wilson is a citizen and resident of Tennessee. *See* Complaint at ¶ 5.

6. Plaintiff's Complaint for Declaratory Judgment was brought pursuant to 28 U.S.C. § 1332, alleging complete diversity of citizenship between plaintiff and defendants, and that the amount in controversy exceeds $75,000.00. *See* Complaint at ¶ 9.

7. Plaintiff SCOTTSDALE issued one insurance policy to Defendant Wood as the named insured, specifically, Personal Umbrella Policy PUS0066503, for the period July 14, 2020 to July 14, 2021. *See* Complaint at ¶ 31.

8. Defendant Wood is the only named insured on the Declaration Pages of the Personal Umbrella Policy PUS0066503. *See* Complaint at ¶ 2, and Exhibit D.

9. Defendant Wood has made a claim for coverage under his Personal Umbrella Policy PUS0066503 regarding the events alleged in the Underlying

Complaint, filed by Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson against L. Lin Wood, Jr.

10. SCOTTSDALE seeks a declaration from this Court that the Personal Umbrella Policy issued to Defendant Wood does not provide coverage to Defendant Wood for any bodily injury or personal injury[1] or property damage. *See* Complaint at ¶¶ 47-56, 57-62, and 63-68.

11. It is clear and undisputed from Plaintiff's pleading that the only actual and ongoing controversy is between Plaintiff SCOTTSDALE (the insurer), and Defendant Wood (the insured).

12. The insurer, SCOTTSDALE, seeks a determination as to whether it is required to provide its insured, Defendant Wood, insurance coverage and a defense under the terms of the aforementioned policy, with respect to claims made by Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson, who are not parties to the insurance contract at issue.

---

[1] The term "personal injury" is defined as follows:
injury, other than "bodily injury" or "property damage", arising out of one or more of the following offenses committed during the "policy period":
1. False arrest, detention, or imprisonment;
2. Malicious prosecution;
3. Wrongful entry or eviction or other invasion of the right to privacy; or
4. <u>Oral or written publication of material which slanders or libels a person or organization.</u> (Emphasis supplied). See Complaint at ¶ 40.

13. Accordingly, the only actual and ongoing controversy in this declaratory action is between the insurer, Plaintiff SCOTTSDALE, and its insured, Defendant Wood.

14. Defendants Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson are mere straw defendants, listed by Plaintiff SCOTTSDALE as parties to this lawsuit for the sole purpose of asserting jurisdiction and venue in the United States District Court for the Northern District of Georgia.

15. While there is an actual and ongoing controversy between Defendant Wood and Defendants Wade, Grunberg, and Wilson in Case No. 1:22-CV-01073-AT in the U.S.D.C., Northern District of Georgia, to be sure, there is no actual or ongoing controversy between Plaintiff SCOTTSDALE and Defendants Wade, Grunberg, and Wilson in the case filed herein.

## STANDARDS FOR DISMISSAL
## PURSUANT TO FED. R. CIV. P. 12 (b) (2) AND 12 (b) (3)

**A. Fed. R. Civ. P. 12 (b) (2)**

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff has the burden of establishing a *prima facie* case by presenting enough evidence to withstand a motion for directed verdict." *United States ex rel. Bibby v. Mortgage Invs. Corp.*, 987 F.3d 1340, 1356 (11th Cir. 2021), cited by *Segment Consulting Mgmt. v. Bliss Nutraceticals, LLC* (N.D. Ga. 2022).

A federal court sitting in diversity engages in a two-step inquiry to determine whether it has personal jurisdiction over a nonresident defendant. That is, the exercise of jurisdiction must (1) be appropriate under the forum state's long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the Federal Constitution. See *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010). "When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court." *Id.* at 1258 (quotation marks omitted). In particular, the Georgia Supreme Court has explained that the Georgia long-arm statute is not coextensive with procedural due process but rather imposes "independent obligations" that a plaintiff must demonstrate to invoke the state's personal jurisdiction. *Id.* at 1259; see also *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 279 Ga. 672, 673 (2005) (reaffirming that a nonresident defendant "must do certain acts as delineated by the statute before the nonresident could be subjected to personal jurisdiction in Georgia" (quotation marks omitted)). *360 Imaging, LLC v. ITXPROS LLC* (N.D. Ga. 2022).

Pursuant to Georgia's Long Arm statute, O.C.G.A § 9-10-91, a court of this State may exercise personal jurisdiction over any nonresident as to the cause of action arising from any of the acts, omissions, ownership, use, or possession

enumerated in this Code section. Under § (1) of the Georgia Long Arm Statute, the Georgia courts apply a three-part test to determine whether a non-resident defendant is subject to personal jurisdiction in Georgia based upon its having transacted business. Jurisdiction exists under the transacting business section if "[1] the nonresident defendant has purposefully done some act or consummated some transaction in this state, [2] if the cause of action arises from or is connected with such act or transaction, and [3] if the exercise of jurisdiction does not offend the traditional notions of fair play and justice." *Robertson v. CRI*, 267 Ga. App. 757, 759, 601 S.E.2d 163 (2004).

It is uncontroverted that Defendant Wood is a resident of South Carolina since February 2021. See Doc. 1 ¶ 16, *Wade, et al. v. L. Lin Wood*, Case No. 1:22-CV-01073-AT, U.S.D.C., Northern District of Georgia, Atlanta Division, and Exhibit "A" herein.  It is also uncontroverted that Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson sued Defendant Wood in the Underlying Complaint over allegedly defamatory statements he made between May 12, 2021 and June 18, 2021. *See* Doc. 18 ¶ 1, *Wade, et al. v. L. Lin Wood*, Case No. 1:22-CV-01073-AT, U.S.D.C., Northern District of Georgia, Atlanta Division.

Defendant Wood has been a resident at 300 Cotton Hall Road, Yemassee, South Carolina 29945 since February 2021.  Accordingly, any defamatory

statements allegedly made by Defendant Wood were made while he was in South Carolina and a legal resident thereof.

Although Defendant Wood practiced law in Georgia for almost 45 years, he has not transacted business within the State of Georgia since his move to South Carolina in February 2021, before Wade, Grunberg, and Wilson's allegations that he made defamatory statements about them.

In short, Defendant Wood is not subject to personal jurisdiction in the U.S.D.C., Northern District of Georgia, Atlanta Division, since he has not purposefully done some act or consummated some transaction in the State of Georgia, the cause of action did not arise from or is not connected with such act or transaction, and the exercise of jurisdiction would offend the traditional notions of fair play and justice, considering Defendant Wood has legal residence in South Carolina and his alleged defamatory speech would have been uttered or published in or from South Carolina, not Georgia.

### B. Fed. R. Civ. P. 12 (b) (3)

"Plaintiff has the burden of establishing venue. See *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018)." See *JBS Hair, Inc. v. SLI Prod. IW Corp.*, (N.D. Ga. 2022).

Under Rule 12, a party may move to dismiss a civil action for improper venue. Fed.R.Civ.P. 12(b)(3). In considering a motion under Rule 12(b)(3), a court accepts

the facts in the plaintiff's complaint as true. *Curry v. Gonzales*, 2006 WL 3191178, at *2 (N.D. Ga. Oct. 31, 2006). "A court may also 'consider matters outside the pleadings if presented in proper form by the parties." *Id*. at 2. *JBS Hair, Inc. v. SLI Prod. IW Corp.* (N.D. Ga. 2022).

ARGUMENT AND CITATION OF AUTHORITY

A. **Lack of Personal Jurisdiction – Fed. R. Civ. P. 12 (b) (2)**

Defendant Wood does not have sufficient minimum contacts with the State of Georgia, and accordingly he is not subject to jurisdiction in this Court.

A complaint is subject to dismissal if the Court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). A plaintiff seeking to establish "personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). In assessing a prima facie case, the Court "must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Id.* If the defendant submits contradictory affidavits, "the burden traditionally shifts back to the plaintiff to produce evidence supporting

jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002), as cited in *Mason v. Sony Pictures Entm't, Inc.* (N.D. Ga. 2021).

Defendant Wood is not subject to *in personam* jurisdiction pursuant to the Georgia Civil Practice Act or the case law determining it because Mr. Wood has not established minimum contacts with Georgia. L. Lin Wood, Jr. is a resident of South Carolina since February 2021, and does not purposefully avail himself of the privilege of conducting activities within Georgia, and moreover, Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson, the plaintiffs in the Underlying Complaint, so state that Defendant Wood is a South Carolina resident since February 2021. Notably, Plaintiff SCOTTSDALE did not produce any evidence that Defendant Wood resides in Georgia. Thus, Defendant Wood is not subjected to personal jurisdiction within Georgia.

### B. Improper Venue – Fed. R. Civ. P. 12 (b) (3)

"In sum, Rule 12(b)(3) is a somewhat unique context of dismissal in which [the court] consciously look[s] beyond the mere allegations of a complaint, and, although [it] continue[s] to favor the plaintiff's facts in the context of any actual evidentiary dispute, [the court] do[es] not view the allegations of the complaint as the exclusive basis for decision." *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*,

695 F.3d 1233, 1239 (11th Cir. 2012). See *Navigators Specialty Ins. Co. v. Auto-Owners Ins. Co.* (N.D. Ga. 2021).

Defendant Wood's affidavit establishes that he has been a resident of South Carolina since February 2021. Likewise, plaintiffs in the Underlying Complaint, Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson concede that Defendant Wood has been a resident of South Carolina since February 2021. Only Plaintiff SCOTTSDALE argues that Defendant Wood is a resident of Georgia, but does not offer any proof of same.

> *A civil action may be brought in—*
>
> *(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;*
>
> *(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or*
>
> *(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.* 28 U.S. Code § 1391.

## Conclusion

Plaintiff SCOTTSDALE could have sued the only party with whom it has an actual and ongoing controversy, Defendant Wood, where Defendant Wood resides, in South Carolina. Thus, venue is improper in U.S.D.C., Northern District of Georgia, where neither Plaintiff SCOTTSDALE nor Defendant Wood are domiciled, nor where a substantial part of the events or omissions giving rise to the claim occurred, as Defendant Wood was a resident of South Carolina when the events alleged in the Underlying Complaint between Plaintiffs Wade, Grunberg, and Wilson, and Defendant Wood, occurred.

Particularly, the Underlying Complaint for which Defendant Wood sought coverage from Plaintiff SCOTTSDALE alleges that Defendant Wood defamed parties Wade, Grunberg, and Wilson. The Wade, Grunberg, Wilson lawsuit was filed on March 17, 2022 and seeks damages for the alleged defamatory statements that Wood allegedly made between May 12, 2021 and June 18, 2021. *See* Doc. 18 ¶ 1, *Wade, et al. v. L. Lin Wood*, Case No. 1:22-CV-01073-AT, U.S.D.C., Northern District of Georgia, Atlanta Division. Defendant Wood has been a resident at 300 Cotton Hall Road, Yemassee, South Carolina 29945, since February 2021. Accordingly, any defamatory statements allegedly made by Defendant Wood were made while he was in South Carolina and a legal resident thereof.

WHEREFORE, the Court should dismiss with prejudice the Complaint for Declaratory Judgment filed by Plaintiff SCOTTSDALE.

Respectfully submitted this 24th day of October, 2022.

| | |
|---|---|
| */s/ Ibrahim Reyes* | */s/ L. Lin Wood, Jr.* |
| Ibrahim Reyes, Esquire | L. Lin Wood, Jr. |
| Florida Bar No. 581798 | Georgia Bar No. 774588 |
| *(*Admitted *Pro Hac Vice)* | L. LIN WOOD, P.C. |
| REYES LAWYERS, P.A. | P.O. Box 52584 |
| 236 Valencia Avenue | Atlanta, Georgia 30355-0584 |
| Coral Gables, FL 33134-5906 | Telephone: 404-891-1402 |
| Tel: (305) 445-0011 | Fax: 404-506-9111 |
| Fax: (305) 445-1181 | Email: lwood@linwoodlaw.com |
| Email: ireyes@reyeslawyers.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of October, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of such filing to all attorneys of record in this case.

*/s/ Ibrahim Reyes*
Ibrahim Reyes, Esquire

*/s/ L. Lin Wood, Jr.*
L. Lin Wood, Jr.