IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **SCOTTSDALE INSURANCE COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) ) | **CIVIL ACTION FILE NO.** **1:22-cv-03217-LMM** |
| **LINCOLN WOOD; NICOLE JENNINGS WADE; JONATHAN D. GRUNBERG; and G. TAYLOR WILSON,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
LINCOLN WOOD'S MOTION TO DISMISS**

Plaintiff Scottsdale Insurance Company ("Scottsdale") files this brief in opposition to Defendant Lincoln Wood's motion to dismiss for lack of personal jurisdiction and improper venue. Fed. R. Civ. P. 12(b)(2) and (b)(3).

**INTRODUCTION**

This declaratory judgment action arises from two ongoing lawsuits that have been filed against Wood by his former law partners, Defendants Nicole Jennings Wade, Jonathan D. Grunberg, and G. Taylor Wilson (collectively, "Liability Plaintiffs") who left Wood's firm in February 2020. All the involved lawyers are members of the State Bar of Georgia; the law firm is located in Georgia; and the two

underlying lawsuits were filed in Georgia where they remain pending. Nevertheless, Wood has moved to dismiss Scottsdale's action because he has been a citizen of South Carolina since February 2021.[1] Aside from the fact that the underlying lawsuits are filed in Georgia and seek relief under Georgia law for conduct impacting Georgia citizens, Wood signed the motion as his own counsel indicating an address in Georgia and telephone and faxes numbers using the "404" area code. For the reasons addressed below, Wood is plainly subject to this Court's jurisdiction such that his motion to dismiss should be denied.

## FACTS

The Liability Plaintiffs initially sued Wood in the Superior Court of Fulton County, Georgia, on August 31, 2020, alleging he had breached a settlement agreement concerning their departure from the law firm in February 2020, including a non-disparagement clause. (Doc. 1-1.) The Liability Plaintiffs asserted that they were citizens of Georgia, that Wood resided in Atlanta, Georgia and that his law firm's service address was 1180 West Peachtree Street, Suite 2040, Atlanta, Georgia 30309. (*Id.*, ¶¶ 16-21.) The state court judge found Wood had violated the non-disparagement clause and enjoined Wood from "[i]ssuing, publishing or making

---

[1] Scottsdale's inquiries indicate that Wood is presently a citizen of South Carolina and intends to amend its complaint to so indicate.

disparaging statements or disparaging comments about Plaintiffs whether orally, in writing, digitally or through social media." (Doc. 1-2, p. 17.) The Court of Appeals of Georgia affirmed the injunction in an opinion issued February 4, 2022. *Wood v. Wade*, 363 Ga. App. 139, 869 S.E.2d 111 (2022).

A few weeks later, on March 17, 2022, the Liability Plaintiffs sued Wood in federal court, seeking damages against Wood for allegedly defaming them in statements made after they left Wood's law firm on February 14, 2020. (Doc. 1-3, p. 1.) After detailing some of the statements that gave rise to the injunction, the Liability Plaintiffs alleged that the disparagement continued thereafter and sought damages for statements made in May and June 2021. (*Id*., ¶¶ 66-142.)

In the present action, Scottsdale seeks a declaration of its coverage obligations (if any) for both lawsuits pursuant to the terms of a personal umbrella policy issued through his agent located in Macon, Georgia to Wood at an address in Atlanta, Georgia. (Doc. 1, ¶¶ 56, 62, and 68; Doc. 1-4, p. 2.) The Scottsdale policy lists three underlying policies that were issued to Wood at three addresses all of which are in Georgia. (Doc. 1-4, p. 13.) Public records confirm that Wood currently owns property in Georgia (Exhs. A and B[2]) where his tax assessment from Greene County,

---

[2] In compliance with Northern District of Georgia Standing Order No. 04-02, Scottsdale is moving contemporaneously to seal the unredacted versions of exhibits that contain Wood's residence address in Georgia.

Georgia dated June 18, 2021 was addressed to him as well. (Exh. C.)³ The law firm involved in the underlying lawsuits (L. Lin Wood, P.C.) continues to be registered with Georgia's Secretary of State as an active domestic professional corporation with Wood listed as its Secretary, CEO, and CFO at the same address listed as his residence in the Scottsdale policy. (Exhs. D and E.) Indeed, Wood's signature line as his own attorney on his motion to dismiss shows an active Georgia bar number with an address and telephone numbers in Georgia:

```
/s/ L. Lin Wood, Jr.
L. Lin Wood, Jr.
Georgia Bar No. 774588
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, Georgia 30355-0584
Telephone: 404-891-1402
Fax: 404-506-9111
Email: lwood@linwoodlaw.com
```

(Doc. 16, p. 12.) Likewise, Wood's professional website (linwoodlaw.com) shows him to be actively practicing law at a law firm located in Atlanta. (Exh. F, p. 6.) ***No other location is shown for his law practice on his website.*** In addition, recent court decisions belie Wood's representation that he no longer practices law in Georgia. *See, e.g.*, *Cordoba v. DirecTV, LLC*, 2022 WL 574971 (N.D. Ga. January 21, 2022) (identifying Wood as counsel for Plaintiff).

---

³ As explained below, public records may be judicially noticed on a motion to dismiss. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006).

Despite this, Wood moves to dismiss claiming that he has been a "legal resident" of South Carolina since February 2021, which was before the allegedly defamatory statements at issue in the Federal Lawsuit were made. (Doc. 16, p. 7; Doc. 16-1.) Wood's motion wholly misses the mark in many respects, however, and must be denied for the reasons stated below.

## ARGUMENT AND CITATION TO AUTHORITY

### A. Wood is subject to personal jurisdiction in Georgia

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010). The due process inquiry asks whether the nonresident to have "minimum contacts" to support being haled into court in Georgia. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *McDonnell v. Roy E. Beatty & Assocs., Inc.*, 203 Ga. App. 807, 809-10, 418 S.E.2d 95, 97 (1992). "The application of [the minimum contacts] rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities

within the forum State, thus invoking the benefits and protections of its laws." *Cath. Stewardship Consultants, Inc. v. Ruotolo Assocs., Inc.*, 270 Ga. App. 751, 757, 608 S.E.2d 1, 5 (2004) (quoting *Stuart v. Peykan, Inc.*, 261 Ga. App. 46, 49, 581 S.E.2d 609, 612 (2003)).

In resolving a motion to dismiss for lack of personal jurisdiction, the court is authorized to consider facts outside the pleadings, including public records as judicially noticed facts, and make factual findings necessary to decide the matter so long as the factual disputes do not decide the merits. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008); *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (confirming that "[p]ublic records are among the permissible facts that a district court may consider" in resolving a motion to dismiss brought under any of Rules 12(b)(1) through (6)).

Substantively, Georgia's long-arm statute provides for personal jurisdiction "as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this Code section." O.C.G.A. § 9-10-91. Here, two enumerations independently authorize jurisdiction over Wood as one who:

(1) Transacts any business within this state;

\*\*\*

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or

engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

O.C.G.A. § 9-10-91(1), (3). Given Wood's plentiful and ongoing contacts with Georgia, the exercise of personal jurisdiction pursuant to these provisions comports with both state and federal law.

### 1. Wood transacted business by purchasing the policy in Georgia

O.C.G.A. § 9-10-91(1) "grants Georgia courts the unlimited authority to exercise personal jurisdiction over any nonresident who transacts any business in this State" to the "maximum extent permitted by procedural due process." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1261 (quoting *Innovative Clinical & Consulting Servs., LLC v. First Nat. Bank of Ames*, 279 Ga. 672, 675, 620 S.E.2d 352, 355 (2005)). "Jurisdiction exists on the basis of transacting business in this state if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." *Diamond Crystals*, 593 F.3d at 1260 n.11 (quoting *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 517, 631 S.E.2d 734, 736 (2006)).

In a coverage action, the insured is subject to personal jurisdiction in the state in which the policy was delivered. *Lima Delta Co. v. Glob. Aerospace, Inc.*, 325 Ga. App. 76, 81-82, 752 S.E.2d 135, 140 (2013). The court in *Lima* affirmed the exercise of jurisdiction because the policy was issued through a Georgia agent to the insured in Georgia. Likewise, Wood's policy was issued through a Georgia agent to Wood at his address in Georgia. (Doc. 1-4, p. 2.) Wood's contention that he thereafter moved to South Carolina does not affect the fact that Scottsdale's declaratory judgment action arises from Wood's transaction of business (i.e., purchase of insurance) in Georgia.

Nor does Wood's argument that no longer practices law in Georgia since moving to South Carolina in February 2021 (Doc. 16, p. 7) have any significance. Notably, that statement is not in Wood's affidavit such that there is no evidence to support it; moreover, Wood's website shows an active practice plus his law firm appears in this action on his behalf. Moreover, and in any event, Scottsdale's claim arises from Wood's transaction of business in purchasing the policy not his practice of law in Georgia or elsewhere. Indeed, as a personal umbrella policy coverage is excluded for claims arising from his business. (Doc. 1-4, pp. 16-17.) It likewise does not matter whether the defamatory statements were made while he was still a

Georgia citizen given that the coverage action is based on a policy that he purchased while a citizen of this state at an address in Georgia.

Turning to the due process inquiry, the "minimum contacts" test is easily satisfied under these circumstances. As the Supreme Court has explained, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). All that due process requires is that "a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 1123 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). As the Eleventh Circuit has explained, minimum contacts exist if the cause of action arises from the contacts; the contacts involved "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum;" and the defendant "should reasonably anticipate being haled into court there." *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993)

There is nothing "random, fortuitous or attenuated" about Wood's contact with Georgia given that he purchased his personal umbrella policy from Scottsdale while he was in Georgia and through a Georgia agent at an address in Georgia.

Setting aside the fact that this action concerns coverage for two lawsuits that are ongoing in Georgia courts, seeking remedies under Georgia law, Wood "purposefully availed" himself of the privileges and protections of Georgia law through purchasing the policy while a Georgia citizen such that litigation in Georgia over the application of the policy's terms was reasonably anticipated. Due process requires no more than that (and arguably a good deal less).

For these reasons, Wood is properly subject to personal jurisdiction in Georgia under O.C.G.A. § 9-10-91(1) alone.

### 2. The underlying tort allegations occurred in Georgia

Even if Wood had not purchased the policy in Georgia he would be subject to personal jurisdiction under O.C.G.A. § 9-10-91(3) which provides for jurisdiction over the nonresident who "[c]ommits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." Wood insists that this provision cannot apply because the statements are attributed to him after he became a citizen of South Carolina. In so contending Wood overlooks that Scottsdale's action is based on the state court action as well which was filed in August 2020 (Doc. 1-1) *before* he claims to have relocated to South Carolina in

February 2021. *A fortiori*, that action would have been based on conduct that took place in Georgia.

Moreover, the Liability Plaintiffs – who are Georgia attorneys -- allege in the federal action that Wood's conduct "has been directed specifically toward the State of Georgia, including false and defamatory accusations used by Defendant Wood in an explicit effort to have Plaintiffs sanctioned and/or disbarred by the Georgia State Bar." (Doc. 1-3, ¶ 17.) Likewise, in the state court action, the Liability Plaintiffs contend that "[a]ll actions giving rise to the basis of this Complaint occurred in Fulton County, Georgia." (Doc. 1-1, ¶ 22.) Because Scottsdale's coverage claim arises from these alleged torts, this action comes within the prefatory clause of Georgia's long-arm statute. Further, Wood's ownership of property in Georgia combined with his law firm address in Georgia, his active use of his membership with the State Bar of Georgia, and his other extensive activities within this state, satisfy the remainder of Section 9-10-91 that requires Wood to regularly engage in business Georgia as well as the "minimum contacts" test of the due process clause. Personal jurisdiction is met on this basis as well.

### B. Venue is proper in this Court

Apart from personal jurisdiction, Wood also contest venue based on his presence in South Carolina. He is mistaken.

Under the federal venue statute, a plaintiff may bring an action in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or

(3) if there is no district in which any action may be otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(2).

With respect to subsection 1, it is noteworthy that the statute references where a defendant "resides" as opposed to his citizenship. The two terms are not synonymous as "citizenship is equivalent to domicile" which "requires both residence in a state and an intention to remain there indefinitely." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002)). Even if Wood is a citizen of South Carolina, he maintains a residence in Atlanta (the Northern District of Georgia). However, because one of the Liability Defendants is a citizen of Tennessee, subsection 1 does not apply.

Venue is proper under subsection 2, however, as Scottsdale's coverage action involves the interpretation of an insurance policy that was issued to Wood at an

address in Atlanta, for underlying claims that are being adjudicated in federal and state courts located in Georgia. In this situation, venue is proper in this district. *See, e.g.*, *Hartford Casualty Insurance Company v. SANY America, Inc.*, 991 F. Supp. 2d 1303, 1304 (N.D. Ga. 2014) (finding that the failure to comply with policy conditions occurred in the district where the policy was issued). And even if subsection 2 was not met, venue would be proper under subsection 3 as two of the three Liability Defendants are citizens of Georgia and therefore "reside" in this state along with Wood as explained above.

## CONCLUSION

For the reasons provided, Wood is subject to the personal jurisdiction of this Court and venue is proper in this district. Accordingly, Wood's motion to dismiss should be denied.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Lee D. Whatling
Georgia Bar No. 689717
lwhatling@fmglaw.com
*Counsel for Plaintiff*
*Scottsdale Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
T: 770.818.0000
F: 770.937.9960

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT LINCOLN WOOD'S MOTION TO DISMISS** has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 7th day of November, 2022.

                          **FREEMAN MATHIS & GARY, LLP**

                          */s/ Philip W. Savrin*
                          Philip W. Savrin
                          Georgia Bar No. 627836
                          psavrin@fmglaw.com
                          *Counsel for Plaintiff*
                          *Scottsdale Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
T:  770.818.0000
F:  770.937.9960

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT LINCOLN WOOD'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Ibrahim Reyes
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134-5906

L. Lin Wood, Jr.
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584

Andrew M. Beal
Milinda Brown
BUCKLEY BEAL LLP
600 Peachtree Street NE, Suite 3900
Atlanta, GA 30308

This 7th day of November, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
*Counsel for Plaintiff*
*Scottsdale Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
T: 770.818.0000
F: 770.937.9960