IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **Civil Action No.** |
| LINCOLN WOOD; NICOLE JENNINGS WADE; JONATHAN D. GRUNBERG; and G. TAYLOR WILSON | ) ) ) ) ) ) | **1:22-CV-03217-LMM** |
| Defendants. | ) ) | |

**DEFENDANT L. LIN WOOD, JR.'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant L. Lin Wood, Jr. hereby files his Reply in support of the Motion to dismiss Plaintiff SCOTTSDALE INSURANCE COMPANY's ("SCOTTSDALE") Complaint for Declaratory Judgment for lack of jurisdiction over the person under Fed. R. Civ. P. 12 (b) (2), and to dismiss for improper venue under Fed. R. Civ. P. 12 (b) (3), and in support thereof states the following:

**INTRODUCTION AND FACTUAL BACKGROUND**

1.  Plaintiff SCOTTSDALE INSURANCE COMPANY ("SCOTTSDALE") is an insurance company incorporated under the laws of Ohio, with its principal place of business in Arizona. *See* Complaint at ¶ 1.

2. Defendant Wood is a citizen and resident of South Carolina. *See* Exhibit "A" (Affidavit of L. Lin Wood, Jr.).

3. Defendant Nicole Jennings Wade is a citizen and resident of Georgia. *See* Complaint at ¶ 3.

4. Defendant Jonathan D. Grunberg is a citizen and resident of Georgia. *See* Complaint at ¶ 4.

5. Defendant G. Taylor Wilson is a citizen and resident of Tennessee. *See* Complaint at ¶ 5.

6. Plaintiff's Complaint for Declaratory Judgment was brought pursuant to 28 U.S.C. § 1332, alleging complete diversity of citizenship between plaintiff and defendants, and that the amount in controversy exceeds $75,000.00. *See* Complaint at ¶ 9.

7. It is uncontroverted that Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson sued Defendant Wood in an Underlying Complaint over alleged defamatory statements he made between May 12, 2021 and June 18, 2021. *See* Doc. 18 ¶ 1, *Wade, et al. v. L. Lin Wood*, Case No. 1:22-CV-01073-AT, U.S.D.C., Northern District of Georgia, Atlanta Division.

8. Plaintiff SCOTTSDALE issued one insurance policy to Defendant Wood as the named insured, specifically, Personal Umbrella Policy PUS0066503, for the period July 14, 2020 to July 14, 2021. *See* Complaint at ¶ 31.

9.    Defendant Wood is the only named insured on the Declaration Pages of the Personal Umbrella Policy PUS0066503. *See* Complaint at ¶ 2, and Exhibit D.

10.    Defendant Wood has made a claim for coverage under his Personal Umbrella Policy PUS0066503 regarding the events alleged in the Underlying Complaint filed by Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson against L. Lin Wood, Jr.

11.    SCOTTSDALE seeks a declaration from this Court that the Personal Umbrella Policy issued to Defendant Wood does not provide coverage to Defendant Wood for any bodily injury or personal injury[1] or property damage. *See* Complaint at ¶¶ 47-56, 57-62, and 63-68.

12.    It is clear and undisputed from Plaintiff's pleading that the only actual and ongoing controversy is between Plaintiff SCOTTSDALE (the insurer), and Defendant Wood (the insured).

13.    The insurer, SCOTTSDALE, seeks a determination as to whether it is required to provide its insured, Defendant Wood, insurance coverage and a defense

---

[1] The term "personal injury" is defined as follows:
injury, other than "bodily injury" or "property damage", arising out of one or more of the following offenses committed during the "policy period":
 1. False arrest, detention, or imprisonment;
 2. Malicious prosecution;
 3. Wrongful entry or eviction or other invasion of the right to privacy; or
 4. <u>Oral or written publication of material which slanders or libels a person or organization.</u>  (Emphasis supplied). See Complaint at ¶ 40.

under the terms of the aforementioned policy, with respect to claims made by Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson, who are not parties to the insurance contract at issue, which is the subject of this action.

14. Accordingly, the only viable parties who have standing to raise claims and/or defenses in this declaratory action are Plaintiff SCOTTSDALE, as the insurer, and Defendant Wood, as the insured.

15. Defendants Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson are mere straw defendants, improperly listed by Plaintiff SCOTTSDALE as parties to this lawsuit for the sole purpose of asserting jurisdiction and venue in the United States District Court for the Northern District of Georgia. However, they are not necessary parties to the actual and ongoing controversy regarding the determination of insurance coverage.

16. While there is an actual and ongoing controversy between Defendant Wood and Defendants Wade, Grunberg, and Wilson (Case No. 1:22-CV-01073, U.S.D.C., Northern District of Georgia) for defamation, to be sure, there is no actual or ongoing controversy between Plaintiff SCOTTSDALE and Defendants Wade, Grunberg, and Wilson in the case filed herein.

17. Moreover, a claim regarding the lack of personal jurisdiction and improper venue with respect to the ongoing controversy pending in Case No. 1:22-CV-01073, U.S.D.C., Northern District of Georgia, was timely raised in that matter

and has not yet been addressed or adjudicated. Specifically, Defendant Wood raised the lack of personal jurisdiction as an affirmative defense since Georgia does not permit a Court to exercise personal jurisdiction over a nonresident if the alleged cause of action is for defamation. *See* O.C.G.A. § 9-10-91 (2). Plaintiffs' cause of action against nonresident Mr. Wood is for defamation: consequently, it must be dismissed as a matter of law. O.C.G.A. § 9-10-91(2) permits a Georgia court to exercise personal jurisdiction over a nonresident if he "[c]ommits a tortious act or omission within this state, *except as to a cause of action for defamation of character arising from the act.*" "The language of the statute is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation." *Id*. at 488, quoting *Balmer v. Elan Corp.,* 261 Ga.App. 543, 546(2), 583 S.E.2d 131 (2003), citing *Cassells v. Bradlee Mgmt. Svcs.,* 161 Ga. App. 325, 327(2), 291 S.E.2d 48 (1982).

18.     Further, when Plaintiff SCOTTSDALE alleges that "[A]ll the involved lawyers are members of the State Bar of Georgia; the law firm is located in Georgia; and the two underlying lawsuits were filed in Georgia where they remain pending" as its principal argument as to why this Court should not dismiss this case on the basis of lack of personal jurisdiction over Defendant Wood, and improper venue, it misinforms the Court: there is only one underlying case of defamation against

Defendant Wood, not two[2]; the one underlying case for defamation must be dismissed, or transferred, as a matter of law; the law firm is not a party to the action; and, Defendant Wood's alleged defamatory statements, made in 2021, were made from South Carolina, while Defendant was a resident in South Carolina.

Plaintiff SCOTTSDALE's brief in opposition to Defendant Wood's Motion to dismiss insinuates and concludes that Defendant Wood *misses the mark in many respects*, and thus his Motion to dismiss must be denied. However, SCOTTSDALE has, in its Response brief, failed to account for facts and law that unquestionably require dismissal or transfer of its declaratory action, as shown below.

## ARGUMENT AND CITATION TO AUTHORITY

### A. Wood is not subject to personal jurisdiction in Georgia

The Supreme Court made clear that a trial court must undertake two inquiries, one under the Georgia long-arm statute and another under due process. It explained that "'[t]he rule that controls is our statute, *which requires than an out-of-state defendant must do certain acts within the State of Georgia before he can be subjected to personal jurisdiction*.'" *Innovative Clinical v. First Nat. Bank*, 620 S.E.2d 352,

---

[2] Plaintiffs Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson are not seeking damages for any statements made by Defendant L. Lin Wood, Jr. in 2020. Plaintiffs sued Defendant Wood for defamation in Case No. 1:22-CV-01073-AT in the U.S.D.C., Northern District of Georgia, over 19 defamatory statements allegedly made on May 12, May 13, May 19, May 20, May 26, June 16, or June 18, 2021. *See* DE 18 at Page 5.

353, 279 Ga. 672 (Ga. 2005), (quoting *Gust v. Flint*, 257 Ga. 129, 356 S.E.2d 513, 514 (1987)). See also *Diamond Crystal Brands v. Food Movers Intern.*, 593 F.3d 1249, 1259 (11th Cir. 2010).

In *Diamond Crystal Brands*, the Court adopted the guidance of the Georgia Supreme Court in its statutory construction of O.C.G.A. § 9-10-91 in previous decisions, such as *Innovative* and *Gust*, supra, and decided that "courts must apply the specific limitations and requirements of O.C.G.A. § 9-10-91 <u>literally</u> (emphasis supplied) and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." *Id.* at 1263. Ultimately, the *Diamond Crystal* Court found that to satisfy Georgia's long-arm statute, it would need to find that the party moving to dismiss (Appellee Food Movers) "transacted any business in Georgia <u>in a matter that gave rise to Diamond Crystal's cause of action</u>." *Id.* at 1264. (Emphasis supplied). Clearly, neither Defendant Wood's former residency and practice of law in Georgia; nor his law firm (not a party to the underlying action), having an address in Atlanta, Georgia; nor Mr. Wood being a State Bar of Georgia member; gave rise to the alleged defamatory statements made by Mr. Wood, not as a Georgia-licensed attorney in an official proceeding, but in his individual capacity and as a private citizen, while living and residing in South Carolina.

Accordingly, SCOTTSDALE's argument that Defendant Wood is subject to personal jurisdiction in Georgia over alleged defamatory statements published in 2021 in South Carolina against Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson; where Georgia law precludes the exercise of personal jurisdiction over out-of-state defamation defendants; and where Mr. Wood's "minimum contacts" with the State of Georgia, <u>literally</u>, do not meet the requirements in Georgia's O.C.G.A. § 9-10-91 to confer personal jurisdiction over an out-of-state defendant whose minimum contacts with Georgia do not give rise to a cause of action for defamation.[3] Consequently, SCOTTSDALE's argument fails both factually and as a matter of law.

*Aero Toy Store* provides the three-part personal jurisdiction test in Georgia: "In considering whether a Georgia court may exercise jurisdiction over a nonresident based on the transaction of business, we apply a three-part test: Jurisdiction exists on the basis of transacting business in this state if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional

---

[3] Scottsdale's reliance on Mr. Wood maintaining a law office address in Georgia and his use of a telephone number with a Georgia area code does not in any way advance their argument given the fact that the personal umbrella policy at issue does not cover any claims arising from his business. (See Doc.1-4, pp. 16-17).

fairness and substantial justice." *Aero Toy Store, LLC v. Grieves*, 631 S.E.2d 734, 279 Ga.App. 515 (Ga. App. 2006), quoting *Robertson v. CRI,* 267 Ga.App. 757, 759, 601 S.E.2d 163 (2004).

SCOTTSDALE bases its argument on Mr. Wood's "minimum contacts" with Georgia. SCOTTSDALE concludes its personal jurisdiction argument by stating: "Given Wood's plentiful and ongoing contacts with Georgia, the exercise of personal jurisdiction pursuant to these provisions comports with both state and federal law." (Emphasis supplied).

However, SCOTTSDALE has not, and cannot, establish that Mr. Wood defamed the "Liability Plaintiffs" because he is a Georgia lawyer, or because he formerly lived in Georgia, or because his law firm, not a party to the action, maintains a Georgia address and telephone area code. SCOTTSDALE has failed to establish that Mr. Wood's alleged defamation of the underlying "Liability Plaintiffs" is connected to his "minimum contacts" in Georgia.

1. **Wood's purchase of a policy in Georgia does not give rise to, nor is it connected to the allegations of defamation made against Wood**

SCOTTSDALE also advances an alternative argument that in a coverage action, the insured is subject to personal jurisdiction in the state in which the policy was delivered. *Lima Delta Co. v. Glob. Aerospace, Inc.*, 325 Ga. App. 76, 81-82, 752 S.E.2d 135, 140 (2013). SCOTTSDALE attempts to conflate the factual

underpinnings in the *Lima Delta* decision with Mr. Wood's distinct factual scenario. The *Lima Delta* decision involves an insured property, specifically a 1989 Gulfstream G-IV airplane, that was destroyed in an accident, where the insured corporation, *Lima Delta*, owned "approximately 30 aircraft registered with the FAA." *Id.* at 138. Mr. Wood's case is vastly different. Mr. Wood resided in Georgia for decades, almost 50 years, before he moved his residency and domicile to South Carolina, obtained a driver's license and voter registration card from South Carolina, and while he personally defends himself in the lawsuits filed in Georgia, with the assistance of Florida co-counsel, admitted *pro hac vice* in Georgia courts, he no longer actively practices law or represents any clients in Georgia or elsewhere. Additionally, there is no property damage claim, the insured Mr. Wood is not a multinational corporate entity owning 30 aircraft, he is not based in Georgia, and neither is the insurer. Significantly, the *Lima Delta* analysis addresses whether Georgia's exercise of jurisdiction over the insureds comports with "traditional notions of fairness and substantial justice", quoting *Aero Toy Store*, 279 Ga.App. at 518(1), 631 S.E.2d 734. In doing so, the Court found that the insured corporations (Lima Delta and corporate partners Trident and Socikat) had not identified logistical or financial difficulties in defending a case in Georgia that would unduly burden them. Unlike the factual circumstances in *Lima Delta*, Mr. Wood does not operate an expansive multinational corporation that transacts business internationally and in

the United States (including Georgia), but is simply a 70 year old individual, who previously resided and practiced law in Georgia, until he moved to South Carolina in early 2021. Mr. Wood no longer lives or transacts business in Georgia and has not done so since re-locating to South Carolina. Under traditional notions of fairness and justice, forcing Mr. Wood to litigate in Georgia, rather than in South Carolina, the state in which he is domiciled and resides, would present logistical and financial difficulties to him. On the other hand, requiring SCOTTSDALE, an Arizona insurer, who transacts business throughout the United States and is licensed to sell insurance policies nationwide, including South Carolina, would not impose any logistical or financial difficulties on Scottsdale, nor impose undue burdens upon them.

## 2. The underlying tort allegations did not occur in Georgia

SCOTTSADE advances that Defendant Wood "*overlooks that Scottsdale's action is based on the state court action as well which was filed in August 2020 (Doc. 1-1) before he claims to have relocated to South Carolina in February 2021. A fortiori, that action would have been based on conduct that took place in Georgia.*" However, it is SCOTTSDALE that *overlooked* that neither Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson, nor L. Lin Wood, Jr., have made any claims regarding Mr. Wood's statements made in 2020, the subject of the state court action that is unrelated, in place or time, to the U.S. District Court action brought by the same plaintiffs, in 2022, for defamation that allegedly occurred in 2021, not 2020.

SCOTTSDALE'S reliance on the state court action is simply a red herring, just like the Wade, Grunberg, and Wilson defendants are mere straw defendants: both SCOTTSDALE arguments are misleading and flawed, and thus fail factually and as a matter of law.

### B. Venue is improper in this Court

SCOTTSDALE disingenuously proposes that venue is proper in Georgia because Mr. Wood owns property in Georgia and "the underlying claims are being adjudicated in federal and state courts located in Georgia." This is a misleading proposition. There is one cause of action, for defamation, in Georgia against Defendant Wood, in U.S. District Court, and said action is subject to dismissal, as a matter of law, because O.C.G.A. § 9-10-91(2) permits a Georgia court to exercise personal jurisdiction over a nonresident if he "[c]ommits a tortious act or omission within this state, *except as to a cause of action for defamation of character* arising from the act." (Emphasis supplied.) "The language of the statute is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation." *Balmer v. Elan Corp.,* 261 Ga.App. 543, 546(2), 583 S.E.2d 131 (2003), citing *Cassells v. Bradlee Mgmt. Svcs.,* 161 Ga. App. 325, 327(2), 291 S.E.2d 48 (1982).

Accordingly, no cause of action for defamation lies in a Georgia state court,

and the one cause of action for defamation, in U.S. District Court, is subject to dismissal, or transfer, as a matter of law.

## **CONCLUSION**

Defendant L. Lin Wood, Jr. is not subject to personal jurisdiction in the U.S. District Court for the Northern District of Georgia, nor is venue proper in this district.

SCOTTSDALE's argument that Defendant Wood is subject to personal jurisdiction in Georgia over alleged defamatory statements published in 2021 in South Carolina against Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson; where Georgia law precludes the exercise of personal jurisdiction over out-of-state defamation defendants; and where Mr. Wood's "minimum contacts" with the State of Georgia do not literally (emphasis supplied) meet Georgia's O.C.G.A. § 9-10-91 requisites to confer personal jurisdiction over an out-of-state defendant whose minimum contacts with Georgia did not give rise to the cause of action for defamation, fails factually and as a matter of law. Moreover, the *Aero Toy Store* decision requires this Court tests whether Georgia's exercise of jurisdiction over insureds comports with "traditional notions of fairness and substantial justice", and denying Mr. Wood's motion to dismiss would unduly burden him, logistically and financially, whereas it would not unduly burden SCOTTSDALE, an Arizona insurer licensed to place policies nationwide, including South Carolina. Lastly, the alleged

defamatory acts occurred in South Carolina, not Georgia, and venue would be proper in South Carolina, as Georgia law prevents plaintiffs Wade, Grunberg, and Wilson from proceeding in Georgia against an out-of-state defendant over defamation.

Consequently, Defendant Wood is not subject to personal jurisdiction in the U.S.D.C., Northern District of Georgia, Atlanta Division, since he has not purposefully done some act or consummated some transaction in the State of Georgia, the cause of action did not arise from or is not connected with such act or transaction, and the exercise of jurisdiction would offend the traditional notions of fair play and justice, considering Defendant Wood has legal residence in South Carolina and his alleged defamatory speech would have been uttered or published in or from South Carolina, not Georgia, and litigating in Georgia would unduly burden him, logistically and financially, but not SCOTTSDALE.

WHEREFORE, the Court should dismiss with prejudice, or transfer, the Complaint for Declaratory Judgment filed by Plaintiff SCOTTSDALE.

Respectfully submitted this 18th day of November, 2022.

/s/ Ibrahim Reyes
Ibrahim Reyes, Esquire
Florida Bar No. 581798
(Admitted *Pro Hac Vice*)
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134-5906
Tel: (305) 445-0011
Fax: (305) 445-1181
Email: ireyes@reyeslawyers.com

/s/ L. Lin Wood, Jr.
L. Lin Wood, Jr.
Georgia Bar No. 774588
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, Georgia 30355-0584
Telephone: 404-891-1402
Fax: 404-506-9111
Email: lwood@linwoodlaw.com

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY, pursuant to Local Rule 7.1(D), that the foregoing has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of November, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of such filing to all attorneys of record in this case.

*/s/ Ibrahim Reyes*
Ibrahim Reyes, Esquire

*/s/ L. Lin Wood, Jr.*
L. Lin Wood, Jr.