IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) ) v. ) ) LINCOLN WOOD; NICOLE ) JENNINGS WADE; JONATHAN ) D. GRUNBERG; and G. TAYLOR ) WILSON, ) ) Defendants. ) | CIVIL ACTION FILE NO. 1:22-cv-03217-LMM |

### DEFENDANT L. LINCOLN WOOD, JR.'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**DISCLOSURE:** Defendant Lucian Lincoln Wood, Jr. is properly identified, and will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response, without waiving his challenge to this Court's lack of personal jurisdiction over the person under Fed. R. Civ. P. 12 (b)(2), and improper venue under Fed. R. Civ. P. 12 (b) (3).

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**DISCLOSURE:** Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson are straw defendants, improperly listed by Plaintiff SCOTTSDALE as parties to this lawsuit for the sole purpose of asserting jurisdiction and venue in the United States District Court for the Northern District of Georgia. However, they are not necessary parties to the actual and ongoing controversy regarding the determination of insurance coverage, where SCOTTSDALE issued one insurance policy to Defendant Wood as the named insured, specifically, Personal Umbrella Policy PUS0066503, for the period July 14, 2020 to July 14, 2021, and Defendant Wood is the only named insured on the Declaration Pages of the Personal Umbrella Policy PUS0066503.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**DISCLOSURE:** Defendant Wood has filed a Motion to dismiss SCOTTSDALE'S Complaint for Declaratory Judgment for lack of jurisdiction over the person under Fed. R. Civ. P. 12 (b) (2), and to dismiss for improper venue under Fed. R. Civ. P.

12 (b) (3). As to Plaintiff SCOTTSDALE'S allegations, Defendant Wood represents that the subject SCOTTSDALE Policy affords coverage for libel and slander, and Defendant Wood, through counsel, provided timely notice to SCOTTSDALE of the Verified Complaint for Defamation filed on March 17, 2022 by Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson. These plaintiffs, Ms. Wade, Mr. Grunberg, and Mr. Wilson, are involved in other litigation with Mr. Wood, filed September 10, 2020 in the Superior Court of Fulton County, Georgia, over an alleged breach of contract, not defamation.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**DISCLOSURE:**

Fed. R. Civ. P. 12 (b) (2)

Fed. R. Civ. P. 12 (b) (3)

O.C.G.A. § 9-3-33

O.C.G.A. § 9-10-91 (2)

*United States ex rel. Bibby v. Mortgage Invs. Corp.*, 987 F.3d 1340, 1356 (11th Cir. 2021)

*Segment Consulting Mgmt. v. Bliss Nutraceticals, LLC* (N.D. Ga. 2022)

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010)

*Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 279 Ga. 672, 673 (2005)

*360 Imaging, LLC v. ITXPROS LLC* (N.D. Ga. 2022)

*Robertson v. CRI*, 267 Ga. App. 757, 759, 601 S.E.2d 163 (2004)

*In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018)

*JBS Hair, Inc. v. SLI Prod. IW Corp.*,  (N.D. Ga. 2022)

*Curry v. Gonzales*, 2006 WL 3191178, at *2 (N.D. Ga. Oct. 31, 2006)

*United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)

*Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)

*Mason v. Sony Pictures Entm't, Inc.* (N.D. Ga. 2021)

*Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012)

*Navigators Specialty Ins. Co. v. Auto-Owners Ins. Co.* (N.D. Ga. 2021)

28 U.S. Code § 1391

This list of authority is not exhaustive, and Defendant Wood anticipates the need to rely upon additional legal authority as this litigation progresses in its proper venue.

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**DISCLOSURE:** See Attachment A.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**DISCLOSURE:** Mr. Wood has not retained expert witnesses for trial at this time.

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**DISCLOSURE:** See Attachment C.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**DISCLOSURE:** Not applicable to a declaratory action for coverage.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**DISCLOSURE:** Not applicable to a declaratory action for coverage.

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**DISCLOSURE:** The applicable insurance agreement is in the possession of Plaintiff. Defendant Wood has a copy, provided by Plaintiff SCOTTSDALE.

# ATTACHMENT A

Defendant Wood identifies the following individuals likely to have discoverable information relevant to this litigation. This list is based upon information currently available to Defendant Wood, and he reserves the right to amend it as appropriate.

| Plaintiff SCOTTSDALE'S corporate representative(s) with most knowledge as to the issues being tried. | SCOTTSDALE has knowledge of the facts it has pled in its Complaint for Declaratory Action, and of its Policy affording Wood coverage for libel and slander. |
|---|---|
| Defendant L. Lin Wood, Jr. | L. Lin Wood, Jr. has knowledge of the facts he has pled in his Motion to dismiss; has knowledge that he was first sued for defamation by Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson on March 17, 2022, not earlier; and has knowledge that SCOTTSDALE was notified in a timely manner about the March 17, 2022 complaint for defamation. |

Defendant Wood incorporates by reference any persons that Plaintiff SCOTTSDALE identifies in its Initial Disclosures and discovery responses. While Defendants Wade, Grunberg, and Wilson were joined as straw defendants for improper purposes and do not have an actual case or controversy herein, Defendant Wood incorporates by reference any persons that they may identify in their Initial Disclosures and discovery responses.

## **ATTACHMENT B**

Defendant Wood has not yet retained any expert witnesses. Defendant Wood reserves the right to supplement this response and will make expert disclosures as required by the Federal Rules of Civil Procedure and Local Civil Rules.

## **ATTACHMENT C**

Defendant Wood will produce all non-privileged responsive documents in his custody, possession or control, which documents are currently believed to include:

All documents that show that L. Lin Wood, Jr. is a citizen and resident of South Carolina since February 2021, including but not limited to identifications, bills (electrical, water, cable), and similar, and the Policy, which contains language asserting it affords coverage for libel and slander.

Defendant Wood notes that other documents may be relevant to and/or discoverable in this case. Defendant Wood reserves the right to amend this list of documents as discovery progresses, either by amendment to these Initial Disclosures or through the identification of said documents in discovery responses or depositions.