# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SCOTTSDALE INSURANCE )
COMPANY, )
                      )
       Plaintiff, )
                      )
vs. )       **Civil Action No.**
                      )
LINCOLN WOOD; )       **1:22-CV-03217-LMM**
NICOLE JENNINGS WADE; )
JONATHAN D. GRUNBERG; )
and G. TAYLOR WILSON )
                      )
       Defendants. )
_____ )

## <u>DEFENDANT L. LIN WOOD'S BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT</u>

COMES NOW, Defendant L. Lin Wood, Jr., and pursuant to Federal Rule of Civil Procedure 56, files this Brief in Support of his Motion for Summary Judgment, showing this Honorable Court that he is entitled to judgment as a matter of law. Specifically, Defendant Wood is entitled to summary judgment in this case because there is no evidence that Defendant Wood was sued for defamation in *Wade, Grunberg, Wilson, et al., v. L. Lin Wood, et al.*, Case No. 2020-CV-339937 (the Fulton County lawsuit, or at any other time, before Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson, sued him for defamation on March 17, 2022 in U.S.D.C., Northern District of Georgia, Case No. 1:22-CV-01073 (the Federal

lawsuit), there is no evidence that the subject Scottsdale policy issued to Defendant Wood does not afford substantive coverage for defamation, as it expressly states it affords said coverage, and Defendant Wood did not breach the notice provisions in the policy, as he had no duty to notify Scottsdale of the Fulton County lawsuit over an alleged contractual breach, not defamation, and Scottsdale did receive Defendant Wood's timely notice with regards to the Federal lawsuit.

Based on the undisputed evidence in the record and the plain language of the Scottsdale applicable Personal Umbrella Policy PUS0066503, Defendant L. Lin Wood, Jr., is entitled to summary judgment as a matter of law.

## STATEMENT OF FACTS

**A.    Factual Background.**

Defendant L. Lin Wood, Jr., and Defendants Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson, are lawyers[1] who practiced law and shared office space until February 2020, when Defendants Nicole J. Wade, Jonathan D. Grunberg, and G. Taylor Wilson (hereinafter the "WGW Defendants") and Defendant L. Lin Wood, Jr. decided to separate, and did so by and through a Settlement Agreement and General Release entered into on March 17, 2020 (hereinafter the "Settlement and Release"), as referenced in the Fulton County lawsuit. *See* Doc. 47, Scottsdale Amended Complaint at Exhibit A (Doc. 1-1).

---

[1] L. Lin Wood, Jr. retired from the State Bar of Georgia on July 4, 2023.

The Settlement and Release contemplated eight matters in which the Defendants had worked, in which attorneys' fees were forthcoming, and the agreement delineated the distribution amongst themselves of the attorneys' fees. Seven of the eight cases settled and Defendants were paid without any issues, whereas on the eighth case, the client, Nicholas Sandmann, who turned eighteen between the time a settlement was reached (March 17, 2020) and the time he would need to consent to the attorneys' fees distribution (July 24, 2020), would not consent to the proposed attorneys' fees distribution unless the WGW Defendants would first allow him to review their billing records on his case. When the WGW Defendants did not provide their billing records, Nicholas Sandmann refused to sign the Consent Form that Defendant Wood had proposed that he sign, and the WGW Defendants sued L. Lin Wood, Jr., and his law firm for breach of contract, fraud and fraud in the inducement. That action is identified as Civil Case No. 2020-CV-339937, pending in Fulton County Superior Court, and the Affidavit of Nicholas Sandmann and Exhibit A (Consent Form) dated February 8, 2021, are filed of record therein. *See* Doc. 47, Scottsdale Amended Complaint at Exhibit A (Doc. 1-1).

In 2021, Defendant Wood was no longer a Georgia resident, and was permanently domiciled in South Carolina. *See* Doc. 47, Scottsdale Amended Complaint at ¶ 2.

3

Between May 12, 2021, and June 18, 2021, Defendant Wood posted nineteen (19) statements about the WGW Defendants on his Telegram social media account, while he was running for Chairman of the South Carolina GOP, and his political adversary was criticizing him by relying on the scandalous and immaterial statements that the WGW Defendants had pled in their Fulton County lawsuit. *See* Doc. 18 ¶ 1, *Wade, et al. v. L. Lin Wood*, Case No. 1:22-CV-01073-AT, U.S.D.C., Northern District of Georgia, Atlanta Division.

The WGW Defendants filed a lawsuit against Defendant Wood on March 17, 2022, in the Northern District of Georgia, for defamation ("Underlying Case" or "Federal lawsuit"), based upon the aforementioned nineteen (19) statements about the WGW Defendants on his Telegram social media account. Based on this Underlying Case, the Federal lawsuit, Defendant Wood made a claim for coverage under Scottsdale's Personal Umbrella Policy PUS0066503. *See* Doc. 21, Defendant Wood's Reply, at ¶ 10.

Scottsdale filed this declaratory judgment action on August 12, 2022 (amended March 30, 2023), alleging that: (1) Scottsdale does not owe coverage for the claims asserted in the Fulton County lawsuit; (2) Scottsdale does not owe coverage for the claims in the federal lawsuit due to Wood's breach of the notice provisions in the policy; (3) Scottsdale does not owe coverage for the claims in the

federal lawsuit due to the absence of substantive coverage. *See* Doc. 47, Scottsdale

Amended Complaint at ¶¶ 60-69, 70-78, and 79-83.

**B.      Scottsdale's Personal Umbrella Policy PUS0066503.**

Scottsdale seeks a declaration from this Court that the Personal Umbrella

Policy PUS0066503 issued to Defendant Wood does not provide substantive

coverage to Defendant Wood for any bodily injury or personal injury[2] or property

damage. *See* Doc. 47, Scottsdale Amended Complaint at ¶¶ 79-83.

Scottsdale further alleges it is not required to afford coverage to Defendant

Wood because he did not notify Scottsdale that these same plaintiffs, the WGW

Defendants, had previously sued him for defamation in a case identified as *Wade,*

*Grunberg, Wilson, et al., v. L. Lin Wood, et al.*, Case No. 2020-CV-339937, pending

in Fulton County Superior Court, and that Defendant Wood's failure to notify

Scottsdale of said action for defamation waived coverage. *See* Doc. 47, Scottsdale

Amended Complaint at ¶¶ 70-78.

---

[2] The term "personal injury" is defined as follows:
injury, other than "bodily injury" or "property damage", arising out of one or more
of the following offenses committed during the "policy period":
1. False arrest, detention, or imprisonment;
2. Malicious prosecution;
3. Wrongful entry or eviction or other invasion of the right to privacy; or
4. Oral or written publication of material which slanders or libels a person or organization.   (Emphasis supplied). *See* Doc. 47, Scottsdale Amended Complaint at ¶ 53.

Plaintiff Scottsdale issued one insurance policy to Defendant Wood as the named insured, specifically, Personal Umbrella Policy PUS0066503, for the period July 14, 2020 to July 14, 2021, and Defendant Wood has made a claim for coverage under same regarding the events alleged in the Underlying Complaint, i.e., the Federal lawsuit, filed by the WGW Defendants against him. *See* Doc. 21, Defendant Wood's Reply, at ¶ 10.

Notwithstanding Scottsdale's allegations in its Amended Complaint, the lawsuit filed by the WGW Defendants in Fulton County Superior Court is for breach of contract, fraud and fraud in the inducement, including breach of a contractual non-disparagement clause, and seeks attorney's fees and punitive damages, but does not proceed under a defamation theory nor seeks defamatory damages. Moreover, the Scottsdale policy does cover "Oral or written publication of material which slanders or libels a person or organization. (Emphasis supplied). *See* Doc. 47, Scottsdale Amended Complaint at ¶ 2.

**C.    The Fulton County Superior Court lawsuit.**

The WGW Defendants' Fulton County Superior Court lawsuit has six counts, Count I for breach of contract, Count II for fraud and fraud in the inducement, Count III for conspiracy to defraud, Count IV for breach of non-disparagement clause, Count V for emergency injunction for the specific performance of the non-disparagement clause, Count VI for punitive damages, and Count VII for attorney's

6

fees. None of the counts is for defamation, nor do the WGW Defendants seek damages resulting from actionable defamation on any of the counts. Additionally, Defendant Wood did not make a claim for coverage to Scottsdale over the Fulton County lawsuit, and accordingly, Defendant Wood agrees with Scottsdale that Scottsdale does not owe coverage to Defendant Wood for the claims asserted by the WGW Defendants in the Fulton County lawsuit. *See* Doc. 47, Scottsdale Amended Complaint at Exhibit A (Doc. 1-1).

Notwithstanding Scottsdale's allegations in its Amended Complaint, the Fulton County lawsuit does not include a count for defamation, does not allege actionable defamation, does not seek damages for defamation, and the WGW Defendants concede that they did not sue Defendant Wood for defamation in their Fulton County lawsuit, nor did they consider doing so, or else they would have served Defendant Wood with a Demand Letter for Retraction of Defamatory Statements, allowing him ten (10) days to make a retraction, before they would have filed suit. *See* Doc. 47, Scottsdale Amended Complaint at Exhibit A (Doc. 1-1), and Nicole J. Wade deposition, June 8, 2023, at P. 134, ll. 4-18.

A dispute of fact is genuine if both sides have evidentiary support for their positions. Only Defendant Wood has evidentiary support for his position that he did not have a duty to notify Scottsdale of the Fulton County lawsuit, because it is undisputed that the Fulton County lawsuit does not seek damages for defamation,

and accordingly, Defendant Wood did not make a claim to Scottsdale for the allegations raised in the Fulton County lawsuit.

**D.    The U.S.D.C., Northern District of Georgia, Underlying Case or Federal Lawsuit.**

Scottsdale claims it does not owe coverage for the claims in the federal lawsuit due to Wood's breach of the notice provisions in the policy. Scottsdale alleges that Defendant Wood had a duty to notify Scottsdale that a liability claim was likely to result from the Fulton County lawsuit, by May 14, 2021, at the latest. *See* Doc. 47, Scottsdale Amended Complaint at ¶ 74.

Notwithstanding, no claim for defamation ever resulted from the Fulton County lawsuit, and furthermore, the WGW Defendants, plaintiffs therein, did not even consider suing Defendant Wood for defamation in said lawsuit, or else they would have served Defendant Wood with a Demand Letter for Retraction of Defamatory Statements, allowing him ten (10) days to make a retraction, before they would have filed suit. *See* Nicole J. Wade deposition, June 8, 2023, at P. 153, ll. 15-25, P. 154, ll. 1-8, P. 155, ll. 2-12.

Again, a dispute of fact is genuine if both sides have evidentiary support for their positions. Only Defendant Wood has evidentiary support for his position that he did not have a duty to notify Scottsdale of the Fulton County lawsuit, because it is undisputed that the Fulton County lawsuit does not seek damages for defamation.

**E.    The   Scottsdale   Personal   Umbrella   Policy   PUS0066503   affords substantive coverage to Defendant Wood for defamation.**

The   Federal   Lawsuit   contains   a   single   count   for   defamation   "against Defendant Wood for his malicious and knowingly false accusations to his then 800,000 social media followers that Plaintiffs committed the crime of extortion and attempted extortion when Plaintiffs tried to privately resolve their disputes with Defendant Wood after leaving his law firm on February 14, 2020." *See* Doc. 47, Scottsdale Amended Complaint at ¶ 39.

As a result of Wood's allegedly false and defamatory statements, the Liability Plaintiffs seek an award of compensatory and punitive damages in the Federal Lawsuit as well as attorney fees. *See* Doc. 47, Scottsdale Amended Complaint at ¶ 43.

Scottsdale issued Personal Umbrella Policy PUS0066503 to Lincoln Wood as the named insured for the period July 14, 2020 to July 14, 2021. A review of the subject policy reveals that:

Substantively, Coverage A of the Scottsdale policy provides as follows:

[Scottsdale] will pay on behalf of the insured the amount of "ultimate net loss", which the "insured" becomes legally obligated to pay:

1. In excess of the "underlying limits" (whether collectible or not) because of "bodily injury" or "property damage" to which this policy applies, caused by an "occurrence."

2. In excess of the retained limit (self-insured retention) because of "bodily injury" or "property damage" to which this policy applies, caused by an "occurrence" which is covered by or which is not required to be covered by the 'underlying insurance."

3. In excess of the "underlying limits" (whether collectible or not) because of "personal injury" for which an "insured" becomes legally liable due to one or more offenses listed under the definition of "personal injury" to which this insurance applies.

4. In excess of the "retained limit (self-insured retention)" because of "personal injury" for which an 'insured' becomes legally liable due to one or more offenses listed under the definition of "personal injury" to which this insurance applies. *See* Doc. 47, Scottsdale Amended Complaint at ¶ 46.

Nothing within said provision negates substantive coverage for defamation towards the insured, Defendant Wood.

Further, the term "bodily injury" is defined under Coverage A as "bodily injury, shock, mental anguish, sickness or disease sustained by any person, which occurs during the 'policy period,' including death at any time resulting therefrom." *See* Doc. 47, Scottsdale Amended Complaint at ¶ 51.

The term "personal injury" is defined as follows:

[I]njury, other than "bodily injury" or "property damage," arising out of one or more of the following offenses committed during the "policy period":

1.     False arrest, detention, or imprisonment;

2.     Malicious prosecution;

3.     Wrongful entry or eviction or other invasion of the right of privacy; or

4. <u>Oral or written publication of material which slanders or libels a person or organization</u>. (Emphasis supplied). *See* Doc. 47, Scottsdale Amended Complaint at ¶ 53.

Clearly, said Scottsdale Personal Umbrella Policy PUS0066503 provision affords Defendant Wood coverage for *"oral or written publication of material which slanders or libels a person or organization."* Hence, the policy affords substantive coverage for defamation to Defendant Wood.

The subject policy further provides:

Additionally, Coverage A does not apply to "'bodily injury,' or 'property damage' which is expected or intended from the standpoint of the insured, but this exclusion does not apply to 'bodily injury' resulting from the 'use' of reasonable force to protect persons or property." *See* Doc. 47, Scottsdale Amended Complaint at ¶ 55.

Scottsdale has not submitted evidence that, resulting from this provision, Coverage A would not apply to Defendant Wood.

The subject policy further provides:

Coverage A does not apply to "'bodily injury,' 'personal injury' or 'property damage' arising out of the rendering of or failure to render professional services by the insured or by any person for whose acts or omissions the insured is legally liable." *See* Doc. 47, Scottsdale Amended Complaint at ¶ 56.

Scottsdale has not submitted evidence that, resulting from this provision, Coverage A would not apply to Defendant Wood.

The subject policy further provides:

Coverage A does not apply to "'bodily injury,' 'personal injury', or 'property damage' arising out of: a. 'Business' of the insured; or b. Property at or which a 'business' is conducted by the insured." The term "business" means "a trade, profession or occupation." *See* Doc. 47, Scottsdale Amended Complaint at ¶ 57.

Scottsdale has not submitted evidence that, resulting from this provision, Coverage A would not apply to Defendant Wood.

A dispute of fact is genuine if both sides have evidentiary support for their positions. Accordingly, only Defendant Wood has evidentiary support for his position that the Scottsdale Personal Umbrella Policy PUS0066503 affords substantive coverage for *"oral or written publication of material which slanders or libels a person or organization."* Contrariwise, Scottsdale does not have evidence that its policy does not afford coverage to Defendant Wood for defamation.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    Standard for Summary Judgment.**

"Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A fact is "material" if it "might affect the outcome of the suit under the governing law." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

"The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law." *Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1298 (11th Cir. 2003). "Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011).

"When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial." *See id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

"In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party." *Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty.*, 630 F.3d 1346, 1353 (11th Cir. 2011) (citing *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 616 (11th Cir. 2007)). However, "facts must be viewed in the light most favorable to the non-moving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "[T]he mere existence of some alleged factual dispute between the parties

will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*. (citation and emphasis omitted). "An issue of fact is not genuine if it is unsupported by evidence or if it is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).

"The Court is not permitted to make credibility determinations, weigh conflicting evidence to resolve disputed facts, or assess the quality of the evidence." *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008).

**B.    L. Lin Wood, Jr. is Entitled to Summary Judgment because the Scottsdale Policy's Coverage Terms Do Provide Substantive Coverage for Defamation.**

Scottsdale has a duty to defend its client L Lin Wood, Jr. Declaratory judgment actions involving insurance policy interpretation implicate contract law. As with other types of contracts, ascertaining the intent of the parties is key to the interpretation of insurance policies. The contract alone is sufficient to determine party intent if its terms are clear and unambiguous. The contract is what determines an insurer's duty to defend. The contract obligates the insurer to defend the insured against claims asserted under its policy, regardless of those claims' merit. Insurance policies that explicitly cover slander and libel are no exception.

14

"A declaratory judgment action involving interpretation of an insurance policy implicates contract law." *Rothell v. Continental Cas. Co.*, 402 S.E.2d 283, 284 (Ga. Ct. App. 1991). "An insurance policy is governed by the ordinary rules of contract construction, and the cardinal rule of construction is to ascertain the intent of the parties." *Banks v. Bhd. Mut. Ins. Co.*, 301 Ga. App. 101, 102 (2009).

"Where the terms are clear and unambiguous, and capable of only one reasonable interpretation, the court is to look to the contract alone to ascertain the parties' intent." *Park ' N Go v. U.S. Fidelity*, 471 S.E.2d 500, 503 (Ga. 1996). Federal court rulings in Georgia further illustrate that such clear and unambiguous terms include coverage for defamation. *See Foliar Nutrients, Inc. v. Nationwide Agribusiness Ins. Co.*, 133 F. Supp. 3d 1372, 1381-82 (M.D. Ga. 2015) (finding in relevant part that Defendant Nationwide Agribusiness Ins. Co. had a duty to defend client Big Bend in a defamation suit because Nationwide the insurance provisions of that contract covered "'personal and advertising injury' damages," which included "'oral or written publication … that slanders or libels a person or organization…'").

"The critical issue in a declaratory judgment action to determine the parties' obligations with respect to a liability insurance policy is whether the underlying suit alleges a claim that is covered by the policy." *State Farm Mut. Auto. Ins. Co. v. Myers*, 728 S.E.2d 787, 788 (Ga. Ct. App. 2012). "[T]he duty to defend is determined

by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint are looked to [in order] to determine whether a liability covered by the policy is asserted." *Great American Ins. Co. v. McKemie*, 259 S.E.2d 39, 40-41 (Ga. 1979).

Here, Scottsdale has brought a declaratory judgment action against its client with whom it had contracted under Georgia law. The clear and unambiguous contractual terms under Scottsdale Personal Umbrella Policy PUS0066503 explicitly cover *"oral or written publication of material which slanders or libels a person or organization."* The undisputed fact is that WGW Defendants filed the Underlying Case, alleging that Defendant Wood had defamed them. Under Georgia law, these allegations alone, no matter how meritless, establish that Scottdale's policy would provide substantive coverage for liability that the court might find against Defendant Wood.

Moreover, Scottsdale's various arguments based on what it considers to be the terms of coverage myopically and fallaciously focus on its Policy exclusions. Even under its own flawed analysis, Scottsdale has failed to provide any evidence to support its contention that the subject policy does not afford substantive coverage for the defamation alleged against Defendant Wood. Scottsdale provides no evidence that Defendant Wood somehow waived coverage by breaching any of the policy terms regarding notice. Further, coverage for "bodily injury" includes

coverage for *"oral or written publication of material which slanders or libels a person or organization."*

Hence, the policy affords substantive coverage for defamation. Scottsdale cannot escape its contractual obligations to its insured client L. Lin Wood.

**C.    L. Lin Wood, Jr. is Entitled to Summary Judgment Because He Did Not Fail to Notify Scottsdale of Another Action for Defamation Filed Against Him, and the Notice He Provided Scottsdale of the Underlying Case was Timely.**

Defendant Wood did not waive the explicitly afforded coverage for *"oral or written publication of material which slanders or libels a person or organization,"* i.e., defamation, under his Scottsdale Personal Umbrella Policy PUS0066503. He did not fail to notify Scottsdale of another lawsuit for which he could have asserted claims under the policy. Insurance policy contracts with a notice requirement typically require notice be made "as soon as practicable." Georgia law has not construed this "as soon as practicable standard" to have a specific deadline for the insured to notify the insurer. Under this standard, the insured even has some flexibility as to when to give notice, provided that the insured's delay in doing so is not unreasonable.

Where the Federal and Georgia state courts have found unreasonable delay on the part of the insured to provide notice tends to entail delays of months or years, not days. *See, e.g., Progressive Mt. Ins. Co. v. Cason*, 626 F. App'x 916, 919 (11th

Cir. 2015) (affirming in relevant part that the lower court's holding that insurance policy holder Corey Anderson's 13-month delay in notifying the insurer was unreasonable); *Royer v. Murphy,* 277 Ga. App. 150, 625 S.E.2d 544, 545 (Ga. Ct. App. 2006) (delay of two years in giving notice to uninsured motorist carrier unreasonable); *Se. Exp. Sys., Inc. v. S. Guar. Ins. Co. of Ga*., 224 Ga. App. 697, 482 S.E.2d 433, 436 (Ga. Ct. App. 1997) (finding an eight-month delay in providing notice was unreasonable as a matter of law); *Protective Ins. Co. v. Johnson*, 256 Ga. 713, 352 S.E.2d 760, 761 (1987) (finding delay of 17 months unreasonable); *Dillard v. Allstate Ins. Co*., 145 Ga. App. 755, 245 S.E.2d 30, 31 (Ga. Ct. App. 1978) (holding that insurer was entitled to summary judgment on question of coverage when insured failed to notify insurer until nine months after the accident).

The Underlying Case was filed March 17, 2022. Defendant Wood was served with the complaint on March 22, 2022, *see* **Exhibit A** – Return of Service of Summons to L. Lin Wood, in Federal lawsuit. On March 28, 2022 Defendant Wood informed his insurance agent in writing and by phone about the lawsuit, provided a copy of the complaint, and advised her, specifically:

*"Mr. Wood would like to submit a claim through his homeowners [Georgia Farm Bureau] and umbrella policies [Scottsdale Insurance Company] regarding the attached lawsuit (the Federal lawsuit) he was recently served." See* **Exhibit B**,

Defendant Wood email communications with his insurance agent, confirming notice of the Federal lawsuit for defamation, to Scottsdale, was timely.

Moreover, Defendant Nicole J. Wade, one of the WGW Defendants, succinctly stated in her deposition testimony that the WGW Defendants did not consider suing Defendant Wood for defamation in the Fulton County lawsuit, and that had they considered suing him for defamation, they would have sent him a retraction letter. *See* Nicole J. Wade deposition, June 8, 2023, at P. 134, ll. 4-18. Hence, not only was Defendant Wood not sued for defamation in the Fulton County lawsuit, but furthermore, it was not foreseeable that he could be sued for defamation in the Fulton County lawsuit, since he was not served with a 10-day retraction demand letter.

## CONCLUSION

As set forth, there is no dispute of material fact in this case, and Defendant Wood is entitled to summary judgment as a matter of law. First, the Scottsdale policy, Personal Umbrella Policy PUS0066503, for the period July 14, 2020 to July 14, 2021, affords coverage for defamation, and secondly, Defendant Wood did not fail to notify Scottsdale of a previous defamation action against him because there was none, as the Fulton County lawsuit is not for defamation. Also, none of the exclusions apply to him.

As such, there is no evidence that Defendant Wood was sued for defamation, at any time, before the WGW Defendants sued him for defamation on March 17, 2022 in U.S.D.C., Northern District of Georgia, Case No. 1:22-CV-01073, there is evidence that the subject Scottsdale policy issued to Defendant Wood does afford coverage for defamation, and there is evidence that Scottsdale received notice of the Federal lawsuit in a timely manner, within one week of the lawsuit having been filed.

WHEREFORE, Defendant Wood hereby respectfully requests that this Court grant his Motion for Summary Judgment.

Respectfully submitted this 26th day of July, 2023.

<div style="margin-left:40%">

*/s/ Ibrahim Reyes*
Ibrahim Reyes
Florida Bar No. 581798
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134-5906
Tel: (305) 445-0011
Fax: (305) 445-1181
Email: ireyes@reyeslawyers.com

</div>

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY, pursuant to Local Rule 7.1(D), that the foregoing has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of July, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of such filing to all attorneys of record in this case.

*/s/ Ibrahim Reyes*
Ibrahim Reyes, Esquire