IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, : : : Plaintiff, : : v. : : : LINCOLN WOOD, NICOLE : JENNINGS WADE, JONATHAN D. : GRUNBERG, and G. TAYLOR : WILSON, : : Defendants. : | CIVIL ACTION NO. 1:22-cv-03217-LMM |

## ORDER

This case comes before the Court on Defendant Wood's Motion to Dismiss Plaintiff's First Amended Complaint [48]. After due consideration, the Court enters the following Order.

### I.  BACKGROUND

In February 2020, Defendants Nicole Jennings Wade, Jonathan D. Grunberg, and G. Taylor Wilson left Defendant Wood's law firm. Dkt. No. [47] ¶ 14. Disputes over their compensation followed, and the parties executed a settlement agreement to address those issues. Id. ¶ 19. The agreement also contained a non-disparagement clause against Defendant Wood and his firm. Id. ¶ 20.

In August 2020, Defendants Wade, Grunberg, and Wilson sued Defendant Wood in state court, alleging that he breached the non-disparagement clause with various statements made to clients and the press, as well as on social media. Id. ¶¶ 16, 21. The court entered a preliminary injunction prohibiting Defendant Wood and his firm from making disparaging comments about Defendants Wade, Grunberg, and Wilson. Id. ¶¶ 21–24. In March 2022, Defendants Wade, Grunberg, and Wilson again sued Defendant Wood—this time in federal court, seeking damages for alleged defamation.[1] Id. ¶¶ 38–43.

Plaintiff Scottsdale Insurance Company covered Defendant Wood with an umbrella policy spanning July 14, 2020 to July 14, 2021. Id. ¶ 44. The policy was issued to Defendant Wood at an address in Atlanta through an agent located in Macon, Georgia. Dkt. No. [49] at 3. In February 2021, Defendant Wood moved from Georgia to South Carolina, and he is now a South Carolina citizen. Dkt. No. [48] at 6–7.

In August 2022, Plaintiff filed the present action, seeking a declaration that the umbrella policy does not cover the claims that Defendants Wade, Grunberg, and Wilson filed against Defendant Wood in state and federal court. Defendant Wood moved to dismiss Plaintiff's Complaint, arguing that this Court cannot exercise personal jurisdiction over him and that venue is improper. Dkt. No. [48]. Plaintiff opposes Defendant Wood's Motion on both grounds. Dkt. No. [49].

---

[1] The federal case is proceeding in this District. Wade v. Wood, No. 1:22-cv-01073-MLB (N.D. Ga. Mar. 17, 2022).

## II. LEGAL STANDARD

Defendant Wood moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction under Rule 12(b)(2) and improper venue under Rule 12(b)(3).

### A. Rule 12(b)(2)

Federal Rule of Civil Procedure Rule 12(b)(2) allows a defendant to challenge a plaintiff's claim by filing a motion to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)); accord Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999). "The court construes the allegations in the complaint as true to the extent that they are uncontroverted by defendant's evidence." Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, 245 F. Supp. 2d 1248, 1253 (N.D. Ga. 2002).

If the defendant challenges the plaintiff's allegations of jurisdiction and supports the challenge with affidavit evidence, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. Id. at 1257. "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." Id. (quoting Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264,

3

1269 (11th Cir. 2002)). Motions to dismiss for lack of personal jurisdiction filed at the pleading stage should "be treated with caution" and granted only if the plaintiff has failed to allege "sufficient facts . . . to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." Bracewell v. Nicholson Air Servs., Inc., 680 F.2d 103, 104 (11th Cir. 1982).

"[A] federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Diamond Crystal, 593 F.3d at 1257–58 (quoting Mazer, 556 F.3d at 1274). District courts in Georgia should take care not to conflate these two inquiries because Georgia's long-arm statute does not provide personal jurisdiction that is coextensive with due process. Id. at 1259. Instead, the long-arm statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." Id.

### B. Rule 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) allows dismissal for improper venue. Fed. R. Civ. P. 12(b)(3). Venue is proper (1) in a district where any defendant resides if all defendants reside in the district's state, (2) in a district where a substantial part of the events giving rise to the claim took place or where a substantial part of the property subject to the dispute is located, or (3) in a

district in which any defendant is subject to personal jurisdiction if there is no district otherwise available. 28 U.S.C. § 1391(b). On a Rule 12(b)(3) motion, the plaintiff has the burden of showing that venue in the forum is proper. Delong Equip Co. v. Wash. Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988); Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (collecting cases). The court must accept all allegations in the complaint as true unless the defendants contradict them with evidence. Wai, 315 F. Supp. 2d at 1268. When an allegation is challenged or contradicted, the court may consider matters outside the pleadings, "particularly when the motion is predicated upon key issues of fact." Id. (quoting Webster v. Royal Caribbean Cruises, Ltd., 124 F. Supp. 2d 1317, 1320 (S.D. Fla. 2000)). The court must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor. Id.

### III. DISCUSSION

Defendant Wood moves to dismiss Plaintiff's case on two grounds: first, he claims that this Court cannot exercise personal jurisdiction over him because he is a South Carolina citizen; and second, he argues that venue is improper here. For the reasons explained below, the Court disagrees with both points.

**A. Personal Jurisdiction**

Personal jurisdiction entails compliance with both the forum state's long-arm statute and constitutional due process requirements. Defendant Wood contends that this Court lacks personal jurisdiction over him because Plaintiff's allegations do not satisfy Georgia's long-arm statute. Dkt. No. [48] at 7.

Specifically, Defendant Wood argues that since he became a resident of South Carolina in February 2021, he has not transacted business in Georgia or purposefully done some act in the state that would subject him to personal jurisdiction. Id. Rather, he contends that he was a South Carolina citizen when he made the allegedly defamatory comments associated with the underlying insurance claims. Id. at 6–7. Defendant Wood additionally argues that even if Plaintiff can establish long-arm jurisdiction, due process would still bar the Court from exercising jurisdiction over him. Id. at 9. The Court considers these arguments in turn.

### 1. *Long-Arm Statute*

Under the Georgia long-arm statute,

> A court of this state may exercise personal jurisdiction over any nonresident . . . in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>
> (1) Transacts any business within this state;
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; [or]
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

O.C.G.A. § 9-10-91. Plaintiff argues that subsections 1 and 3 both permit the Court to exercise jurisdiction in this case.[2] The Court recognizes without deciding that subsection 3 may also apply to this case, but the Court finds that it may exercise jurisdiction under subsection 1. Therefore, the Court begins its analysis with § 9-10-91(1) and then turns to constitutional due process.

"'[T]ransacts any business' requires that the nonresident defendant has purposefully done some act or consummated some transaction in Georgia." Diamond Crystal, 593 F.3d at 1264 (cleaned up). Courts thus consider a nonresident's tangible and intangible conduct, such as "mail, telephone calls, and other 'intangible' acts"—even if they occurred while the defendant was physically outside of Georgia—to determine "whether it can fairly be said that the nonresident has transacted any business within Georgia." Id. This provision grants personal jurisdiction to the maximum extent permitted by due process. Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 620 S.E.2d 352, 355 (Ga. 2005); see also Diamond Crystal, 593 F.3d at 1261 (explaining that due process limits the reach of personal jurisdiction under O.C.G.A. § 9-10-91(1) but that the two standards are not "coextensive").

Georgia appellate courts have developed a three-part test to determine whether exercising jurisdiction is appropriate under § 9-10-91(1):

---

[2] Defendant Wood contends in his Reply that Plaintiff cannot use O.C.G.A. § 9-10-91(2) to establish jurisdiction because it excludes defamation cases. Dkt. No. [51] at 5–6, 12–13. But Plaintiff does not argue that subsection 2 should apply, so the Court does not consider Defendant Wood's arguments on that point.

> Jurisdiction exists on the basis of transacting business in this state if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

Aero Toy Store, LLC v. Grieves, 631 S.E.2d 734, 737 (Ga. Ct. App. 2006). The first two prongs determine whether the defendant has sufficient minimum contacts with the forum, while the third prong is about the reasonableness of asserting jurisdiction. Id.; Lima Delta Co. v. Glob. Aerospace, Inc., 752 S.E.2d 135, 139 (Ga. Ct. App. 2013). The third prong has several factors for courts to consider in ensuring that jurisdiction does not result from random or attenuated contacts, "such as the burden on defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in furthering substantive social policies." Lima Delta, 752 S.E.2d at 139, 141 (quoting ATCO Sign & Lighting Co. v. Stamm Mfg., Inc., 680 S.E.2d 571, 576 (Ga. Ct. App. 2009)).

*First*, under the Georgia long-arm statute, the Court can exercise jurisdiction based on O.C.G.A. § 9-10-91(1) if the defendant has "purposefully done some act or consummated some transaction in this state." Drumm Corp. v. Wright, 755 S.E.2d 850, 853 (Ga. Ct. App. 2014). In an insurance case, the defendant is considered to purposefully transact business in Georgia if the insurance policy itself was made in Georgia. For example, in Lima Delta Co. v.

8

Global Aerospace, Inc., the Georgia Court of Appeals found that the insured transacted business in Georgia because the parties' insurance policy "was applied for, negotiated, paid for, and delivered in Atlanta." 742 S.E.2d at 140. Defendant Wood argues that Lima Delta is factually distinct because it involved a property damage claim and a corporate defendant. Dkt. No. [51] at 10. But the type of insurance claim is not part of the analysis, and there is not a separate test for individual defendants.

Here, Plaintiff asserts that Defendant Wood's policy was issued through a Georgia agent to Wood at his Georgia address while he was a Georgia citizen. Dkt. No. [49] at 8. Defendant Wood does not dispute that his policy was made in Georgia; he simply contends that he is now a South Carolina citizen and that he was a South Carolina citizen at the time of the allegedly defamatory statements. Dkt. No. [48] at 6–7; Dkt. No. [51] at 12. Defendant Wood also argues that his Georgia law practice cannot support jurisdiction here. Dkt. No. [51] at 9. But those are not the contacts most relevant to this analysis: Plaintiff seeks a declaratory judgment regarding coverage of the insurance policy that Defendant Wood formed in Georgia. Thus, like in Lima Delta, the Court finds that Defendant Wood transacted business in the state within the meaning of O.C.G.A. § 9-10-91(1).

*Second*, Plaintiff's claims must arise out of or be connected to Defendant Wood's business transaction in Georgia. Wright, 755 S.E.2d at 853. A declaratory judgment action regarding the terms of an insurance policy naturally arises out of

9

the parties' transaction forming that insurance policy. Lima Delta, 752 S.E.2d at 140. The policy at issue here was formed in Georgia, satisfying the second prong.

*Third*, the Court must assess whether exercising jurisdiction over Defendant Wood comports with "traditional fairness and substantial justice." Aero Toy Store, 631 S.E.2d at 737. When considering this prong, the Court may evaluate (1) "the burden on defendant"; (2) "the forum state's interest in adjudicating the dispute"; (3) the "plaintiff's interest in obtaining convenient and effective relief"; (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies;" and (5) "the shared interest of the states in furthering substantive social policies." ATCO Sign & Lighting Co., 680 S.E.2d at 576.

As to the burden on the defendant, Wood contends that litigating outside of his domicile would impose undue logistical and financial burdens on him as a 70-year-old individual. Dkt. No. [51] at 11. Defendant Wood seeks to distinguish Lima Delta because the defendant in that case was a multinational corporation with the resources to litigate in Georgia, but Wood has not described any specific logistical or financial difficulties relating to defending this suit here. Id. Thus, Wood's argument is not compelling given that Defendant Wood is currently a resident of nearby South Carolina and continues to own property in Georgia. Dkt. No. [49] at 3.

Defendant Wood also seems to imply that the parties could litigate the case in South Carolina without impeding Plaintiff's interest in obtaining relief—the

10

third factor. Dkt. No. [51] at 14. But Plaintiff is entitled to choose the forum, and it selected the district in which the two cases related to this suit were filed, in the state where two Defendants reside.[3] Dkt. No. [47] ¶¶ 3–4. Additionally, as Plaintiff explains regarding the second factor, Georgia has an interest in adjudicating the dispute because Plaintiff seeks remedies under Georgia law for an insurance policy executed in Georgia. Dkt. No. [49] at 10. Given these facts, significant documents and witnesses are likely in Georgia. And none of the factors cuts against exercising jurisdiction here. Defendant Wood agreed to the insurance policy with Plaintiff while he was a Georgia citizen, through a Georgia-based insurance agent, and the policy was delivered to his address in Atlanta. Dkt. No. [49] at 3, 10. Those contacts are directly related to this case such that Defendant Wood is "not being forced to litigate in Georgia because of random, fortuitous, or attenuated circumstances." Lima Delta, 752 S.E.2d at 142. Thus, the Court finds that it can exercise jurisdiction over Defendant Wood under the Georgia long-arm statute.

### 2. Due Process

With the Georgia long-arm statue satisfied, constitutional due process now provides the outer limits of the Court's jurisdiction over Defendant Wood. In other words, Defendant Wood must have sufficient contacts with Georgia such

---

[3] Defendant Wood stresses that only the federal action remains—and that he believes that action should also be dismissed—but Plaintiff's Complaint concerns both actions. Regardless, dismissal would not render the prior litigation irrelevant to Plaintiff's case.

that hearing the suit would not undermine his due process rights. Internet Sols. Corp. v. Marshall, 557 F.3d 1293, 1295–96 (11th Cir. 2009). Due process requires that three elements be met: (1) Plaintiff's claims must "'arise out of or relate to' at least one of the defendant's contacts with the forum"; (2) Defendant Wood must have "'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws;" and (3) the Court's exercise of personal jurisdiction must "comport[] with 'traditional notions of fair play and substantial justice.'" Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1355 (11th Cir. 2013) (citations omitted). Plaintiff bears the burden of establishing the first two prongs, and if it does, Defendant Wood bears the burden of making "a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." Id. (quoting Diamond Crystal, 593 F.3d at 1267). As the Eleventh Circuit has stated, "the heart of this protection is fair warning": due process requires that a defendant "should reasonably anticipate being haled into court" in the forum state because of that defendant's conduct in and connection with the state. Diamond Crystal, 593 F.3d at 1267 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).

*First*, the Court finds that Plaintiff's claim arises out of Defendant Wood's contacts with Georgia. Plaintiff seeks a declaratory judgment regarding coverage for an insurance policy that Defendant Wood purchased in Georgia. Although Defendant Wood argues that the Court should assess the contacts that led to the underlying lawsuit—i.e., the allegedly defamatory statements—in determining

12

jurisdiction, the action before the Court concerns the coverage owed under Defendant Wood's policy. Therefore, Plaintiff's action for clarification of a policy made in Georgia, through a Georgia agent, while Defendant Wood was a Georgia citizen arises out of Defendant Wood's contacts with the forum State. Dkt. No. [47] ¶ 44; Dkt. No. [49] at 3.

*Second*, Defendant Wood purposefully availed himself of the privileges of conducting activities in the forum state. Prior to moving to South Carolina in February 2021, Defendant Wood was a Georgia resident for almost 50 years. Dkt. No. [49] at 5; Dkt. No. [51] at 10. During that time, Defendant Wood executed a contract with Plaintiff for the insurance policy at issue, constituting purposeful availment. Further, Defendant Wood owns property in Georgia and continues to act as Secretary, CEO, and CFO of his law firm L. Lin Wood, P.C., which is registered as a Georgia professional corporation. Dkt. No. [49] at 4. Accordingly, Defendant Wood has purposefully availed himself of the benefits and protections of Georgia law.

*Third*, Defendant Wood has the burden to show a compelling case that defending the suit here would offend traditional notions of fair play and substantial justice. Defendant Wood contends that litigating in Georgia would present undue logistical and financial burdens, but he does not present any facts to support this conclusion. Dkt. No. [51] at 11. Defendant Wood also argues that Plaintiff would suffer a less severe burden by litigating this case in South Carolina because it is a national company. But he is not the only Defendant, and as the

Court explained above, significant interests weigh in favor of litigating in Georgia. Id. at 10. Defendant Wood lives nearby in South Carolina, owns property in Georgia, and maintains a Georgia business with L. Lin Wood, P.C., even if he no longer practices law in the state. Dkt. No. [49] at 4–5; Dkt. No. [51] at 10–11.

Accordingly, the Court can exercise personal jurisdiction over Defendant Wood because doing so comports with both the Georgia long-arm statute and constitutional due process requirements. Thus, the Court denies Defendant Wood's Motion to Dismiss on personal jurisdiction grounds.

### B. Venue

Next, Defendant Wood asserts that venue is improper in this Court. Dkt. No. [48] at 9–10. Defendant Wood argues that he has been a citizen of South Carolina since February 2021 and is not domiciled in Georgia. Id. at 10–11. Further, he contends that a substantial part of the events that gave rise to the claim did not occur in Georgia because the alleged defamatory comments that led to the underlying claim were made after his move to South Carolina. Id. at 11.

The federal venue statute provides, in relevant part, that venue is proper in a district where (1) "any defendant resides, if all defendants are residents of the State in which the district is located," (2) in a district where "a substantial part of the events or omissions giving rise to the claim occurred," or (3) in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action," if no other district is available. 28 U.S.C. § 1391(b). Defendants carry a "heavy burden" when opposing venue because a plaintiff's

14

choice of forum is entitled to both deference and "a presumption in favor of" that venue. Wilson v. Island Seas Invs., Ltd., 590 F.3d 1264, 1269 (11th Cir. 2009) (citations omitted).

Here, venue is proper in the Northern District of Georgia under § 1391(b)(2).[4] Defendant Wood's contention that the alleged defamatory comments were made while he was a citizen of South Carolina is irrelevant because a substantial part of the events giving rise to this claim occurred in the Northern District of Georgia. Specifically, Defendant Wood made the insurance policy, out of which Plaintiff's declaratory judgment action arose, in Atlanta. Plaintiff's action seeks clarification on what coverage it owes Defendant Wood under that insurance policy—not damages for defamation—so formation of the insurance contract gives rise to Plaintiff's claim.

Defendant Wood also argues that Plaintiff incorrectly states that venue is proper here because related cases are being argued in Georgia courts. Dkt. No. [49] at 13. Defendant Wood contends that there is only one other active case, which should also be dismissed for lack of personal jurisdiction. Dkt. No. [51] at 12–13. Regardless of the additional lawsuits, the question in this case is whether a substantial part of the events giving rise to the claim occurred in this District. 28 U.S.C. § 1391(b)(2). As just stated above, Defendant Wood securing the policy at issue in this District is sufficient to meet this standard. Thus, Plaintiff has made a

---

[4] Plaintiff also contends that venue is proper under subsection (b)(1) and (b)(3), but the Court need not address these arguments because it finds (b)(2) sufficient.

15

sufficient showing that venue is proper here, and Defendant Wood's Motion to Dismiss for improper venue is denied.

## IV.  CONCLUSION

In accordance with the foregoing, Defendant Wood's Motion to Dismiss [48] is **DENIED**.

**IT IS SO ORDERED** this 5th day of December, 2023.

_____
**Leigh Martin May**
**United States District Judge**